UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

DAVID HEALY,

                        Plaintiff,

v.                                                    **DECISION AND ORDER**
                                                              09-CV-117S

MIDPOINT RESOLUTION GROUP, LLC,

                        Defendant.

## I. INTRODUCTION

On February 3, 2009, Plaintiff David Healy commenced this action seeking to recover for alleged violations of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq.*, by Defendant Midpoint Resolution Group, LLC ("Midpoint"). (Docket No. 1.) Defendant failed to plead or otherwise respond to this action. Consequently, the Clerk of the Court entered default on September 4, 2009. (Docket No. 10.)

Presently before this Court is Plaintiff's Motion for Default Judgment, seeking damages, attorney's fees, and costs. (Docket No. 11.) For the reasons stated below, Plaintiff's motion is granted, and Plaintiff is entitled to judgment in the amount of $1,734.33

## II. BACKGROUND

On or about August 1, 2007, Defendant placed a telephone call to Plaintiff's residence. (Docket No. 1, Compl. ¶ 6.) Because Plaintiff did not answer, Defendant left a voice message on his answering machine, stating that a legal claim had been filed against Plaintiff and that he needed to return Defendant's call. (Id. ¶¶ 6-7.)

On or about August 22, 2008, Defendant again called Plaintiff's residence. (Id. ¶

11.) Plaintiff's daughter answered the phone. (Id. ¶ 12.) Defendant stated that Plaintiff needed to call Defendant immediately "because this is a lawsuit." (Id.)

On August 26, 2008, David J. Gold, Esq., sent a letter on Plaintiff's behalf to Defendant. (Docket No. 6, Healy Aff. ¶ 8.) Therein, Gold requested that Defendant stop contacting Plaintiff, and asked that any further communications be directed to Gold's office. (Id. ¶ 8; Ex. 3.)

Plaintiff received another telephone call from Defendant on August 29, 2008. (Compl. ¶ 19; Docket No. 11-2, Healy Aff. ¶ 9.)[1] Plaintiff did not answer the call, and Defendant left him a voice message. (Healy Aff. ¶ 9.) Defendant stated that a legal claim had been filed against Plaintiff and he needed to return the phone call. (Compl. ¶ 18; Healy Aff. ¶ 10.) To date, the Defendant has not sued Plaintiff on the alleged debt. (Compl. ¶ 18; Healy Aff. ¶ 10.)

Thereafter, Plaintiff commenced this action.

## III. DISCUSSION

### A. Entry of Default Judgment against Defendant

Before obtaining default judgment, a party must first secure a Clerk's Entry of Default by demonstrating, by affidavit or otherwise, that the opposing party is in default. FED. R. CIV. P. 55(a). Once default has been entered, the allegations of the Complaint that

---

[1] In his Complaint, Plaintiff alleges that the third telephone call occurred on August 29, 2008 (Compl. ¶ 19), but in his affidavit in support of the motion for default judgment, Plaintiff states that the third phone call took place on August 29, 2009. (Healy Aff. ¶ 9.) Because Plaintiff commenced this action on February 3, 2009, his statement as to the date of the third phone call in his affidavit is clearly a mistake.

f establish the defendant's liability are accepted as true, except for those relating to the amount of damages. Greyhound Exhibitgroup, Inc. v. E.L.U.L. Realty Corp., 973 F.2d 155, 158 (2d Cir. 1992).

Prior to entering default judgment, the court must determine whether the facts alleged in the Complaint are sufficient to state a claim for relief as to each cause of action for which the plaintiff seeks default judgment. Further, where the damages sought are not for a sum certain, the court must determine the propriety and amount of default judgment. FED. R. CIV. P. 55(b)(2).

**B.     FDCPA Violations**

This Court finds that Plaintiff sufficiently alleges numerous violations of the FDCPA. Specifically, Plaintiff alleges that Defendant: (1) falsely represented the legal status of the debt by thrice stating there was a lawsuit pending against him because of the disputed debt when, in actuality, there was no such lawsuit, in violation of 15 U.S.C. § 1692e(2)(A); (2) failed to inform Plaintiff that it was a debt collector attempting to collect a debt, in violation of 15 U.S.C. § 1692e(11); (3) failed to send Plaintiff a written notice of the debt within five days after the initial communication, in violation of 15 U.S.C. § 1692g(a); (4) communicated with Plaintiff's daughter, a third party, about collecting the debt allegedly owed by Plaintiff, in violation of 15 U.S.C. § 1692c(b); (5) engaged Plaintiff and his daughter in conversation with the intent to annoy or harrass, in violation of 15 U.S.C. § 1692d(5); and (6) communicated directly with Plaintiff about the debt despite knowing that he was represented by an attorney, in violation of 15 U.S.C. §§ 1692b(6) and 1692c(a)(2).

Upon finding Plaintiff has sufficiently stated numerous violations of the FDCPA, this

Court must proceed to a determination regarding the amount of Plaintiff's recovery.

**C.     Plaintiff's Recovery**

Title 15 United States Code Section 1962k of the FDCPA provides for three types of recovery: (1) statutory damages; (2) actual damages; and (3) reasonable attorney's fees, costs, and expenses.  In this case, Plaintiff seeks statutory damages in the amount of $7,000, attorney's fees in the amount of $2,333.33, and costs in the amount of $401.00. (Healy Aff. ¶¶ 15-17.)  Plaintiff does not seek actual damages.

### *1.     Statutory Damages*

Under the statute, "[] any debt collector who fails to comply with any provision of this subchapter with respect to any person is liable to such person in an amount equal to the sum of [] such additional damages as the court may allow, but not exceeding $1,000."  15 U.S.C. §1692k(a)(2)(A).  The maximum amount of statutory damages under the FDCPA is $1,000 per action or proceeding, not per statutory violation. See, e.g., Sibersky v. Borah, Goldstein, Altschuler & Schwartz, 242 F. Supp. 2d 273, 277 (S.D.N.Y. 2002); Teng v. Metro. Retail Recovery, Inc., 851 F. Supp. 61, 69 (E.D.N.Y. 1994) (holding that "the maximum additional damages of $1,000 is to be awarded for each case, and not for each violation or improper communication").

In the event the plaintiff establishes a violation of the FDCPA, the court must then determine the appropriate award within the $1,000 statutory range.  Congress has given the district courts "ample discretion" in assessing damages for violations of the FDCPA. Pipiles v. Credit Bureau of Lockport, Inc., 886 F.2d 22, 27 (2d Cir. 1989).  When determining the appropriate amount of liability in an individual action, courts must consider

4

"the frequency and persistence of such noncompliance by the debt collector, the nature of such noncompliance, and the extent to which such noncompliance was intentional." 15 U.S.C. §1692k(b)(1). A plaintiff "does not have a burden to establish scienter under the FDCPA." Neild v. Wolpoff & Abramson, L.L.P., 453 F.Supp.2d 918, 924 (E.D.Va. 2006); see also 15 U.S.C. § 1962k(c) (explaining that to avoid liability under the Act, the defendant may show that a violation was not intentional).

Here, Plaintiff, through his Complaint and unopposed motion, has established that there were multiple violations of the FDCPA. Specifically, Plaintiff has demonstrated that Defendant called him at home, on more than one occasion, in an attempt to collect a debt. During the course of these phone calls, Defendant falsely represented that it had commenced a lawsuit against Plaintiff, spoke with Plaintiff's daughter about the debt, and attempted to contact Plaintiff after being notified to contact counsel. Lastly, so far as this Court can tell, Defendant's calls were intentional. See § 1962k(c). Accordingly, this Court finds that the statutory maximum award of $1,000 is warranted.

With respect to Plaintiff's argument that he is entitled to $7,000 in statutory damages – a figure that represents $1,000 for each alleged statutory violation – the case law clearly forecloses that result. Sibersky v. Borah, Goldstein, Altschuler & Schwartz, 242 F. Supp. 2d 273, 277 (S.D.N.Y. 2002); Teng v. Metro. Retail Recovery, Inc., 851 F. Supp. 61, 69 (E.D.N.Y. 1994). Thus, Plaintiff is limited to recovery in the amount of $1,000.

### 2. *Attorneys Fees & Costs*

The FDCPA provides for the recovery of reasonable attorney's fees and costs by

successful litigants. See 15 U.S.C. § 1692k (a)(3) (permitting recovery of, "in the case of any successful motion to enforce the foregoing liability, the costs of the action, together with a reasonable attorney's fee as determined by the court").

In Arbor Hill Concerned Citizens Neighborhood Ass'n v. County of Albany,[2] the Second Circuit "undertook to simplify the complexities surrounding attorney's fees awards that had accumulated over time" in the circuit and district courts. Simmons v. New York City Transit Auth., 575 F.3d 170, 174 (2d Cir. 2009). In particular, the court sought to reconcile the "lodestar" method of determining fees (the product of the attorney's usual hourly rate and the number of hours billed, subject to adjustment based on case-specific considerations to arrive at a "reasonable fee"), with the method developed in Johnson v. Georgia Highway Express, Inc.[3] (which considered twelve specific factors to arrive at the "reasonable fee"). Arbor Hill, 493 F.3d at 114. "Relying on the substance of both approaches, [the Second Circuit] set forth a standard that [it] termed the 'presumptively reasonable fee.'" Simmons, 575 F.3d at 174.

District courts now are directed to set a reasonable hourly rate, bearing in mind all the case-specific variables the Second Circuit and other courts have identified as relevant to the reasonableness of attorney's fees, and then use the reasonable hourly rate to calculate a "presumptively reasonable fee." Arbor Hill, 493 F.3d at 117.

"[T]he most critical factor in a district court's determination of what constitutes reasonable attorney's fees in a given case is the degree of success obtained by the

---

[2] 493 F.3d 110 (2d Cir. 2007), *amended on other grounds by*, 522 F.3d 182 (2d Cir. 2008).

[3] 488 F.2d 714 (5th Cir. 1974).

plaintiff." Barfield v. N.Y. City Health & Hosps. Corp., 537 F.3d 132, 152 (2d Cir. 2008) (citations and quotations omitted). After Arbor Hill, the presumptively reasonable fee is "what a reasonable, paying client would be willing to pay," given that a client "wishes to spend the minimum necessary to litigate the case effectively." 493 F.3d at 112, 118.

To arrive at that fee, district courts must also consider the twelve Johnson factors: (1) the time and labor required; (2) the novelty and difficulty of the questions; (3) the level of skill required to perform the legal service properly; (4) the preclusion of employment by the attorney due to acceptance of the case; (5) the attorney's customary hourly rate; (6) whether the fee is fixed or contingent; (7) the time limitations imposed by the client or the circumstances; (8) the amount involved in the case and the results obtained; (9) the experience, reputation, and ability of the attorneys; (10) the "undesirability" of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases. Johnson, 488 F.2d at 717-19.

Finally, a district court must consider that a client may be able to negotiate with his or her attorneys, based on their desire for the reputational benefits that could accrue from association with the case. Arbor Hill, 493 F.3d 119.

This method of reasonable fee calculation has been used in this district to determine appropriate fees in FDCPA cases. See, e.g., Mostiller, 2010 WL 335023, at *4-*5; Estay v. Moren and Woods LLC, No. 09-CV-620A, 2009 WL 5171881, at *3-*4 (W.D.N.Y. Dec. 22, 2009); Dayton v. Northeast Fin. Solutions, NO. 09-CV-549A, 2009 WL 4571819, at *3 (W.D.N.Y. Dec. 7, 2009).

Here, Plaintiff's Counsel's affidavit does not provide any information from which

this Court can calculate a presumptively reasonable fee. Rather than providing detailed billing records, as clearly required by this Circuit, counsel states that he is seeking 33% of Plaintiff's damages award – i.e., a contingent fee. See Bliven v. Hunt, 579 F.3d 204, 213 (2d Cir. 2009) (presumptively reasonable fee is still to be determined by reference to the number of hours reasonably expended and the reasonable fee to be charged for those hours).

In this case, counsel drafted a complaint, requested a Clerk's entry of default, and moved for default judgment. Despite the complete absence of acceptable documentation supporting the fee request, this Court has no trouble finding the request for 33% of Plaintiff's damage award to be a reasonable fee. Accordingly, Plaintiff is entitled to $333.33 in attorney's fees, or 33% of the $1,000.00 statutory damage award.

On the issue of costs, Plaintiff seeks reimbursement of his filing and service fees in the amount of $401.00. (Healy Aff. ¶ 16; Attorney Aff. ¶¶ 7-8.) This Court finds this additional cost is recoverable because it is "incidental and necessary to the litigation," Tips Exports, Inc., v. Music Mahal, Inc., 01-CV-5412, 2007 WL 952036, at *11 (E.D.N.Y. Mar. 27, 2007).

Accordingly, this Court finds that Plaintiff is entitled to $734.33 in attorney's fees and costs.

## IV. CONCLUSION

For the reasons discussed above, this Court grants Plaintiff's Motion for Default

Judgment, and further finds that Plaintiff is entitled to $1,000.00 in statutory damages, $333.33 in attorney's fees and $401.00 in costs, for a total award of $1,734.33.

## V. ORDERS

IT HEREBY IS ORDERED, that Plaintiff's Motion for Default Judgment (Docket No. 11) is GRANTED.

FURTHER, that the Clerk of the Court is directed to enter judgment in favor of the Plaintiff against Defendant in the amount of $1,734.33, with apportionment consistent with the foregoing decision.

FURTHER, that the Clerk of the Court shall close this case upon entry of judgment.

SO ORDERED.

Dated: March 7, 2010
       Buffalo, New York

                                /s/William M. Skretny
                                WILLIAM M. SKRETNY
                                Chief Judge
                                United States District Judge